UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HOWARD COHAN,

    Plaintiff,

vs.

RED LOBSTER HOSPITALITY LLC
d/b/a RED LOBSTER #0332 and

RED LOBSTER HOSPITALITY LLC
d/b/a RED LOBSTER #0461

    Defendant(s)
_____/

CASE NO.:17-CV-60427

INJUNCTIVE RELIEF SOUGHT

## AMENDED COMPLAINT

Plaintiff, HOWARD COHAN ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint and sues RED LOBSTER HOSPITALITY LLC, d/b/a RED LOBSTER #0332 (Defendant, Red Lobster#0332) and RED LOBSTER HOSPTIALITY LLC, d/b/a RED LOBSTER #0461, (Defendant, Red Lobster #0461), for declaratory and injunctive relief, attorney's fees, expenses and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. § 12182 et. seq., and the 2010 Americans with Disabilities Act ("ADA") and alleges as follows:

### JURISDICTION AND VENUE

1.    This Court is vested with original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 343 for Plaintiff's claims arising under Title 42 U.S.C. § 12182 et. seq., based on Defendant, Red Lobster #0332 and Defendant, Red Lobster #0461 (hereinafter collectively referred to as Defendants) violations of Title

III of the ADA. *See also,* 28 U.S.C. §§ 2201, 2202, as well as the 2010 ADA Standards.

2. Venue is proper in this Court, Southern District of Florida, pursuant to 28 U.S.C. §1391(B) and the Internal Operating Procedures for the United States District Court for the Southern District of Florida in that all events giving rise to the lawsuit occurred in Coral Springs, Florida pertaining to Defendant, Red Lobster #0332 and in Jensen Beach, Florida pertaining to Defendant, Red Lobster #0461.

## PARTIES

3. Plaintiff, HOWARD COHAN is *sui juris* and is a resident of the State of Florida residing in Palm Beach County, Florida.

4. Upon information and belief, Defendant, Red Lobster #0332 is the lessee, operator, owner and/or lessor of the Real Property, which is the subject of this suit, which is located at 2000 University Drive, Coral Springs, Florida 32802, and is the owner of the improvements where Defendant, Red Lobster #0332 is located.

5. Upon information and belief, Defendant, Red Lobster #0461 is the lessee, operator, owner and/or lessor of the Real Property, which is the subject to this suit, which is located at 3544 NW Federal Hwy, Jensen Beach, Florida 34957, and is the owner of the improvements where Premises Red Lobster #0461 is located.

6. Defendant, Red Lobster #0332 is authorized to conduct, and is in fact conducting, business within the state of Florida.

7. Defendant, Red Lobster #0461 is authorized to conduct, and is in fact conducting, business within the state of Florida.

8. Plaintiff is an individual with numerous disabilities including spinal stenosis, which causes a restriction to his spinal canal, resulting in a neurological deficit. At the time of Plaintiff's visit to Premises of Defendant, Red Lobster #0332 on February 22, 2017 and at the time Plaintiff's visit to Premises of Defendant, Red Lobster #0461 on December 7, 2016 (and prior to instituting this action), Plaintiff suffered from a "qualified disability" under the ADA, and required the use of bathroom facilities, a continuous path of travel connecting all essential elements of the facility and the use of other means of accessibility for persons with disabilities. Plaintiff personally visited the Premises of Defendant, Red Lobster #0332 and Premises of Defendant, Red Lobster #0461, but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within the Premises of Defendant, Red Lobster #0332 and Premise of Defendant, Red Lobster #0461.

9. Plaintiff will avail himself of the services offered at Premises of Defendant, Red Lobster #0332 in the future, provided that Defendant, Red Lobster #0332 modifies the Premises or modifies the policies and practices to accommodate individuals who have physical disabilities.

10. Plaintiff will avail himself of the services offered at Premises of Defendant, Red Lobster #0461 in the future, provided that Defendant, Red Lobster #0461 modifies the Premises of Defendant, Red Lobster #0461 or modifies the policies and practices to accommodate individuals who have physical disabilities.

11. Completely independent of the personal desire to have access to this place of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" for the purpose of discovering, encountering and engaging discrimination

against the disabled in public accommodations. When acting as a "tester", Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation; engages all of the barriers to access, or at least of those that Plaintiff is able to access; tests all of those barriers to access to determine whether and the extent to which they are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the public accommodation to verify its compliance or non-compliance with the ADA and to otherwise use the public accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits, Plaintiff also intends to visit the Premises of Defendant, Red Lobster #0332 and Premises of Defendant, Red Lobster #0461 to verify each Premises compliance or non-compliance with the ADA, and its maintenance of the accessible features of Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited Premises of Defendant, Red Lobster #0332 and visited the Premises of Defendant, Red Lobster #0461, and encountered barriers to access at both Premises, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and the ADA violations set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

## **VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

12.     Plaintiff adopts and re-alleges the allegations stated in paragraphs 1 through 8 above as if fully stated herein.

13. On July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA")), 42 U.S.C. § 12101 et. seq. Commercial enterprises were provided one and a half (1.5) years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if Defendant(s) have ten (10) or fewer employees and gross receipts of $500,000.00 or less. *See* 42 U.S.C. § 12182; 28 C.F.R. § 36.508(a).

14. As stated in 42 U.S.C § 12101(a)(1)-(3),(5) and (9) Congress found, among other things, that:
    a. some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
    b. historically, society has tended to isolate and segregate individuals with disabilities and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
    c. discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
    d. individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary

  qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

 e. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and accosts the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

15. As stated in 42 U.S.C. § 12101(b)(1)(2) and (4) Congress explicitly stated that the purpose of the ADA was to:

 a. provide a clear and comprehensive national mandate for elimination of discrimination against individuals with disabilities;

 b. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

 c. invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

16. Pursuant to 42 U.S.C. § 12182(7), 28 C.F.R. § 36.104 and the 2010 ADA Standards, each Defendant's Premises is a place of public accommodation covered by the ADA by the fact it provides services to the general public and must be in compliance therewith. The building and/or Premises, which is the subject of this action, is a public accommodation covered by the ADA and which must be in compliance therewith.

17.     Defendant, Red Lobster #0332 and Defendant, Red Lobster #0461 have discriminated and continues to discriminate against Plaintiff and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations located at the Premises, as prohibited by 42 U.S.C. § 12182 and 42 U.S.C. § 12101 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. § 12182(b)(2)(A)(iv).

18.     Plaintiff has visited Premises of Defendant, Red Lobster #0332 and Premises of Defendant, Red Lobster #0461, and has been denied full and safe equal access to the facilities and therefore suffered an injury in fact.

19.     Plaintiff would like to return and enjoy the goods and/or services at Premises of Defendant, Red Lobster #0332 and Premises of Defendant, Red Lobster #0461 on a spontaneous, full and equal basis.  However, Plaintiff is precluded from doing so by the Defendants failure and refusal to provide disabled persons with full and equal access to their facilities.  Therefore, Plaintiff continues to suffer from discrimination and injury due to the architectural barriers that are in violation of the ADA.

20.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Officer of the Attorney General promulgated Federal Regulations to implement the requirements of the ADA. *See* 28 C.F.R. § 36 and its successor the 2010 ADA Standards ADA Accessibility guidelines (hereinafter referred to as "ADAAG"), 28 C.F.R. § 36, under which said Department may obtain civil penalties of up to $55,000.00 for the first violation and $110,000.00 for and subsequent violation.

21.     Defendant, Red Lobster #0332 is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations in men's restroom and accessible stall:

   a.  Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2 404.2.9 and 309.4.

   b.  Failure to provide soap dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

   c.  Failure to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

   d.  Providing grab bars of improper horizontal length or spacing on the back or side wall in violation of 2010 ADAAG §§ 604, 604.5, 604.5.1, 604.5.2, 609 and 609.4.

   e.  Failure to provide grab bars at 33 inches minimum and 36 inches maximum above the finished floor measured to the top of the gripping surface in violation of 2010 ADAAG §§ 604, 609 and 609.4.

   f.  Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

   g.  Failure to provide paper towel dispenser at the correct height above the finished floor in violation of 2010 ADAAG §§ 606, 606.1 and 308.

    h.    Failure to provide the water closet in the proper position relative to the side wall or partition in violation of 2010 ADAAG §§ 604 and 604.2.

    i.    Failure to provide the correct opening width for a forward approach into a urinal, stall door or lavatory in violation of 2010 ADAAG §§ 305, 305.7.1, 404, 605.3 and 606.2.

22.    Defendant, Red Lobster #0461 is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations in men's restroom and accessible stall:

    a.    Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2 404.2.9 and 309.4.

    b.    Failure to provide the proper insulation or protection for the plumbing or other sharp or abrasive objects under a sink or countertop in violation of 2010 ADAAG §§ 606 and 606.5.

    c.    Failure to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of 2010 ADAAG §§ 603 and 603.3.

    d.    Failure to provide a urinal designed for a person with a disability where the horizontal projection of the urinal is not at a minimum of 13.5 inches in violation of 2010 ADAAG §§ 605 and 605.2

    e.    Failure to provide a coat hook within the proper reach ranges for a person with a disability in violation of 2010 ADAAG §§ 603, 603.4 and 308.

    f.    Failure to provide the water closet seat at the correct height above the finished floor in violation of 2010 ADAAG §§ 604 and 604.4.

23.    Defendant, Red Lobster #0461 is in violation of 42 U.S.C. § 12182 et. seq. and the 2010 American Disabilities Act Standards et. seq., and is discriminating against Plaintiff as a result of, inter alia, the following specific violations in the inside entry door:

    a. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of 2010 ADAAG §§ 404, 404.1, 404.2 404.2.9 and 309.4.

    b. Providing a swinging door or gate with improper maneuvering clearance(s) due to a wall or some other obstruction that does not comply with the standards set forth in violation of 2010 ADAAG §§ 404, 404.1, 404.2, 404.2.4 and 404.2.4.1.

24.    To the best of Plaintiff's belief and knowledge, Defendant, Red Lobster #0332 has failed to eliminate the specific violations set forth in paragraph 21 herein.

25.    To the best of Plaintiff's belief and knowledge, Defendant, Red Lobster #0461 has failed to eliminate the specific violations set forth in paragraph 22 and 23 herein.

26.    Although Defendants are charged with having knowledge of the violations, Defendants may not have actual knowledge of said violations until this Complaint makes Defendant aware of same.

27.     To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

28.     Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendant, Red Lobster #0332 was required to make Premises of Defendant, Red Lobster #0332 a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

29.     Pursuant to the ADA, 42 U.S.C. § 12101 et. seq., and 28 C.F.R. § 36.304, the Defendant, Red Lobster #0461 was required to make Premises of Defendant, Red Lobster #0461 a place of public accommodation, accessible to persons with disabilities by January 28, 1992. As of the date of the filing of this Complaint, Defendant has failed to comply with this mandate.

30.     Plaintiff has retained the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendants, pursuant to 42 U.S.C § 12205.

31.     All of the above violations are readily achievable to modify in order to bring both the Premises into compliance with the ADA.

32.     In instance(s) where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 21, 22 and 23 herein can be applied to the 1991 ADAAG standards.

33.     Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an order to alter the subject facilities to make them readily accessible to and useable by individuals with disabilities to

the extent required by the ADA and closing the Subject Facilities until the requisite modifications are completed.

WHEREFORE, Plaintiff demands judgment against Defendant, Red Lobster #0332 and judgment against Defendant, Red Lobster #0461 and requests the following injunctive and declaratory relief:

1. That this Court declares that Premises owned, operated and/or controlled by Defendant, Red Lobster #0332 is in violation of the ADA;

2. That this Court declares that Premises owned, operated and/or controlled by Defendant, Red Lobster #0461 is in violation of the ADA;

3. That this Court enter an Order requiring Defendant, Red Lobster #0332 to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

4. That this Court enter an Order requiring Defendant, Red Lobster #0461 to alter their facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

5. That this Court enter and Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to Premises;

6. That this Court award reasonable attorney's fees, all costs (including, but not limited to the court costs and expert fees) and other expenses of suit to the Plaintiff; and,

7. That this Court award such other and further relief as it may deem necessary, just and proper.

Dated this 7th, day of March, 2017.

| | |
|---|---|
| **FEINSTEIN & SOROTA, P.A**<br>Counsel for the Plaintiff<br>7901 SW 6th Court, Suite 305<br>Plantation, FL 33324<br>Tel:   (954) 617-1500<br>Fax:   (954) 617-4100<br><br>By:  /s/ Mark D. Feinstein<br>Mark D. Feinstein, Esq.<br>Florida Bar No.: 444170<br>fspa@fspalaw.com | **LAW OFFICES OF NEIL S. ODESSKY, P.A.**<br>Counsel for the Plaintiff<br>7901 SW 6th Court, Suite 305<br>Plantation, FL 33324<br>Tel: (954) 617-1100<br>Fax: (954) 617-1300<br><br>By:  /s/ Neil S. Odessky<br>Neil S. Odessky, Esq.<br>Florida Bar No.: 354661<br>pleadings@nsolaw.com |